ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL -8 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | |
| v. : | |
| : | 1:09-CV-1840 |
| REAL PROPERTY KNOWN AS 1316 SAXONY : | |
| DRIVE, CONYERS, ROCKDALE COUNTY, : | |
| GEORGIA, AND ALL BUILDINGS AND : | |
| APPURTENANCES THEREON; : | |
| REAL PROPERTY KNOWN AS 2377 : | |
| BELLEFONTE AVENUE, UNIT 64, : | -JEC |
| LAWRENCEVILLE, GWINNETT COUNTY, : | |
| GEORGIA, AND ALL BUILDINGS AND : | |
| APPURTENANCES THEREON; : | |
| REAL PROPERTY KNOWN AS : | |
| 195 FOURTEENTH STREET, PH505, : | |
| ATLANTA, FULTON COUNTY, GEORGIA,; : | |
| REAL PROPERTY KNOWN AS 75 : | |
| FOURTEENTH STREET, UNIT 3340, : | |
| ATLANTA, FULTON COUNTY, GEORGIA, : | |
| : | |
| Defendants. : | |

## COMPLAINT FOR FORFEITURE

COMES NOW the United States of America, Plaintiff in the above-styled civil action, pursuant to 21 U.S.C. § 881(a)(6) and (7), and files this Complaint for Forfeiture, showing the Court as follows:

1.

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1395.

3.

Since 2008, agents of the Drug Enforcement Agency (DEA) have been investigating the activities of Terry Bernard White for possible violations of various federal laws.

4.

According to his NCIC record, White was arrested for distribution of heroin in Atlanta on November 8, 1982. On October 25, 1983, White was convicted of the heroin charge and sentenced to three years in federal custody, which was suspended on the condition that he serve five years of probation.

5.

White was arrested in a FBI cocaine investigation in Atlanta on March 22, 1990. White entered a guilty plea in August of 1991 to having engaged in a conspiracy to distribute cocaine and to having possessed a firearm, an Uzi machine gun, as an already convicted felon. The duration of the alleged conspiracy was June of 1987 to March of 1990. White received concurrent sentences of 216 months in federal custody on both counts, but the sentences were subsequently reduced, based on White's cooperation in that case and other cases, to 120 months. The sentence reduction occurred on or about October 29, 1996.

6.

On or about August 24, 1999, White was returned to custody after a probation revocation, for a period of three years. White was released from custody on April 26, 2002.

6.

In April of 2006, White and several codefendants were indicted in the Middle District of Georgia for conspiracy to distribute marijuana. The evidence against White in that case consisted primarily of phone conversations intercepted in a Title III investigation conducted by DEA Macon, and an observation by DEA surveillance of White delivering a box of marijuana, later seized, to Dexter Williams in an indoor parking deck at 1280 West Peachtree Street in Atlanta. That transaction occurred on March 9, 2005. White voluntarily surrendered to U.S. Marshals in Macon on May 22, 2006, and immediately posted bond. The charge against White in the Macon case was dismissed on September 18, 2007.

7.

Research of real estate records indicates that White has purchased the following real estate:

    a. A house at 1316 Saxony Drive in Conyers, GA on August 8, 2006, purchase price $319,000;

    b. A townhouse at 2377 Bellefonte Avenue in Lawrenceville, GA on August 29, 2006, purchase price $274,000;

c.  A penthouse condominium at 195 Fourteenth Street, the Mayfair Renaissance, PH 505, in Atlanta, GA on April 24, 2007, purchase price $450,000; and

d.  A condominium at 75 Fourteenth Street, the Four Seasons Hotel, Unit 3340, in Atlanta, GA on June 8, 2007, purchase price $350,000.

8.

The Georgia Department of Labor has no record whatsoever of employment by Terry Bernard White.

9.

White has no legitimate, legal source income.

10.

White has claimed to obtain income from a beauty supply business and real estate investments.

11.

White is associated with an entity called "The Terry White Group, Inc.", a Georgia corporation.

12.

The Terry White Group, Inc. was incorporated in Georgia on November 17, 2006, and administratively dissolved on May 16, 2008. On November 26, 2008, The Terry White Group, Inc. was reinstated as a corporation by the Georgia Secretary of State.

13.

Terry White is the CEO and registered agent of The Terry White

Group.

14.

Paloma White, Terry White's college-aged daughter, is listed as the company's CFO and Michael White, Terry White's son who is believed to be approximately four years old, is listed as the company's secretary.

15.

During the period January 2005 through January 2009, White maintained two active personal bank accounts at SunTrust, as well as two business accounts held in the name of The Terry White Group. During this same period, White also maintained four personal Wachovia bank accounts and one personal Bank of America bank account.

16.

According to White's bank account records, the bank account records of known associates, Currency Transaction Reports and Form 8300's filed with the Internal Revenue Service, White has deposited or caused to be deposited in excess of $1,000,000.00 in United States currency into the banking system between 2005 to present.

17.

White's bank account activity and lifestyle is not consistent with a beauty supply company or real estate investment business.

18.

White's numerous bank accounts are funded almost entirely by

cash, bank transfers, or checks from individuals, including a known criminal associate of Terry White. The financial transactions in White's bank accounts are not consistent with a beauty supply business or a real estate investment business.

19.

White's accounts reflect payments for purposes of real estate purchases, but there was no rental income or other activity to indicate that the real estate properties were for investment purposes.

20.

Within the last two years, White has purchased and/or leased at least five late-model Mercedes Benz from RBM of Atlanta.

21.

On July 3, 2009, a Marietta-Cobb-Smyrna (MCS) narcotics agent received a tip concerning a package being sent via YRC Inc. (a motor freight carrier) from "Luis Garcia" of Brownsville, Texas to Charles Revere of Marietta, Georgia. The package contained an air compressor.

22.

MCS Agent Bobby Prater examined the air compressor at YRC Inc., located at 1892 Airport Industrial Park Drive in Marietta, on the afternoon of July 3rd, after which a certified MCS Narcotics Detection Team, Cobb County Sheriff Deputy Billy Walker and K-9 Unit "Gunner," alerted to the presence of narcotics inside the air

compressor. Agent Victor Yearwood then obtained a state search warrant for the air compressor, after which Agent Prater removed a portion of the exterior of the air compressor, enabling him to view and smell marijuana within the air compressor tank.

23.

A short time later, two individuals arrived at YRC Inc. to take delivery of the air compressor. The two subjects were subsequently identified as Charles Revere, a/k/a "Nappy," who signed for the shipment, and Terry White, the passenger in Revere's red 2007 Ford F150 pickup truck. After Revere executed the paperwork to obtain the air compressor, he returned to the loading dock area and guided White in backing the truck to a point where it could take delivery of the air compressor off a forklift being operated, in an undercover capacity, by Agent Prater. The air compressor was then lowered into the bed of the Ford truck. A few minutes later, as White and Revere were preparing to drive away from the YRC property; both individuals were arrested without incident.

24.

White and Revere were charged in Cobb County with marijuana trafficking. White was read his Miranda rights by Agent Prater and agreed to waive his rights. White initially claimed that he had been paid $500 to pick up the air compressor and had no knowledge as to its contents. Upon further questioning, White admitted that

he knew of the marijuana inside the air compressor, and that the YRC shipment was a trial run in the expectation of larger marijuana shipments to be sent in the future. White advised that the shipment came from a Mexican source of supply.

25.

Discounting the weight of its packaging, the marijuana removed from the air compressor was found to weigh in excess of 90 pounds.

26.

White is a distributor of cocaine and marijuana.

27.

White has utilized the penthouse condominium at 195 Fourteenth Street, the Mayfair Renaissance, PH 505, in Atlanta, Georgia and a condominium at 75 Fourteenth Street, the Four Seasons Hotel, Unit 3340, in Atlanta, Georgia to facilitate his narcotics operation.

28.

The residence at 1316 Saxony Drive in Conyers, Georgia was utilized to sell narcotics.

29.

The real properties known as:

a.   1316 Saxony Drive in Conyers, Georgia and all buildings and appurtenances thereon, as more particularly described in Exhibit A;

b.   2377 Bellefonte Avenue in Lawrenceville, Georgia and all buildings and appurtenances thereon, as more

particularly described in Exhibit B;

c.  195 Fourteenth Street, the Mayfair Renaissance, PH 505, in Atlanta, Georgia, as more particularly described in Exhibit C; and

d.  75 Fourteenth Street, the Four Seasons Hotel, Unit 3340, in Atlanta, Georgia, as more particularly described in Exhibit D;

are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys, or other things of value previously furnished or intended to be furnished by any person in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to facilitate any violation of Title 21 of the United States Code.

30.

The real properties known as:

a.  1316 Saxony Drive in Conyers, Georgia and all buildings and appurtenances thereon;

b.  195 Fourteenth Street, the Mayfair Renaissance, PH 505, in Atlanta, Geogia; and

c.  75 Fourteenth Street, the Four Seasons Hotel, Unit 3340, in Atlanta, Georgia;

are also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of Title 21

of the United States Code punishable by more than one year's imprisonment.

WHEREFORE, Plaintiff prays:

(a) that a notice of complaint for forfeiture be posted at each of the Defendant Properties;

(b) that the Defendant Properties be forfeited to the United States;

(c) that the United States recover its costs incurred in this action; and

(d) that the United States have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 8TH day of July, 2009.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

MARY F. KRUGER
SPECIAL ASSISTANT U.S. ATTORNEY
600 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
(404)581-6168 (Phone)
mary.kruger@usdoj.gov

GEORGIA BAR NO.: 244607

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | |
| v. : | |
| : | **1:09-CV-1840** |
| REAL PROPERTY KNOWN AS 1316 SAXONY : | |
| DRIVE, CONYERS, ROCKDALE COUNTY, : | |
| GEORGIA, AND ALL BUILDINGS AND : | |
| APPURTENANCES THEREON; : | |
| REAL PROPERTY KNOWN AS 2377 : | |
| BELLEFONTE AVENUE, UNIT 64, : | |
| LAWRENCEVILLE, GWINNETT COUNTY, : | |
| GEORGIA, AND ALL BUILDINGS AND : | |
| APPURTENANCES THEREON; : | |
| REAL PROPERTY KNOWN AS : | |
| 195 FOURTEENTH STREET, PH505, : | |
| ATLANTA, FULTON COUNTY, GEORGIA,; : | |
| REAL PROPERTY KNOWN AS 75 : | |
| FOURTEENTH STREET, UNIT 3340, : | |
| ATLANTA, FULTON COUNTY, GEORGIA, : | |
| : | |
| Defendants. : | |

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, David Noe, Task Force Agent of the Drug Enforcement Administration, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 8th day of July, 2009.

_____
TFA DAVID NOE
DRUG ENFORCEMENT ADMINISTRATION